# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE MCINTOSH GROUP, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TVI, INC., )<br>)<br>Defendant. ) | Case No. 14-CV-0304-CVE-FHM |

## OPINION AND ORDER

Now before the Court is Defendant TVI, Inc.'s Motion to Dismiss and Supporting Brief (Dkt. # 15). TVI, Inc. (TVI) argues that this case should be dismissed because submitting a claim to mediation is a condition precedent to litigation under the contract between The McIntosh Group, LLC (McIntosh) and TVI, and because McIntosh did not submit its claims to mediation. Dkt. # 15, at 2-3. McIntosh maintains that the contract does not require its claims to be submitted to mediation. Dkt. # 16, at 2-5.

## I.

On June 5, 2014, McIntosh filed a complaint alleging that TVI breached a contract between McIntosh and TVI. Dkt. # 2. McIntosh alleges that TVI breached the contract by failing "to pay McIntosh's invoices in accordance with the agreed terms of the [c]ontract." Id. at 4. McIntosh seeks damages, costs and attorney's fees, and an injunction prohibiting TVI from "using, copying, distributing or retaining any copies of McIntosh's work product" and requiring TVI to return the copies of the work product to McIntosh. Id. at 7. Jurisdiction is based upon diversity of citizenship. Id. at 1-2.

The contract between McIntosh and TVI states that McIntosh would provide services[1] to TVI in exchange for compensation. Dkt. # 15-1, at 3-6.[2] Three provisions of the contract are particularly relevant:

> 8.3.1 In an effort to resolve any conflicts the Client and McIntosh agree that all disputes between them arising out of or relating to this Agreement or the Project shall be submitted to nonbinding mediation as a condition precedent to arbitration or litigation by either party. . . .
>
> . . .
>
> 8.7 Claims, disputes or other matters in question relating to liens or payments developing from McIntosh's Services shall not be subject to mediation or arbitration.
>
> . . .
>
> 9.12.1 The laws of the State of Oklahoma (exclusive of the Oklahoma conflicts of laws) shall apply to interpretations, enforcement, and all disputes arising under this Agreement.

Id. at 7-9.

On July 10, 2014, TVI filed its motion to dismiss. Dkt. # 15. McIntosh has responded (Dkt. # 16) and TVI has replied (Dkt. # 17).

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A

---

[1] McIntosh characterizes the services as "consulting services" relating to a "market zoning clearance strategy for expanding operations into new markets." Dkt. # 2, at 2.

[2] Because the contract between McIntosh and TVI is referred to in the complaint and is central to McIntosh's claim, it may be considered by the Court without converting TVI's motion to dismiss into a motion for summary judgment. See GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997).

complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

TVI argues that McIntosh's complaint should be dismissed "because McIntosh has failed to submit this dispute to mandatory mediation, a condition precedent to litigation, as expressly required by the Agreement." Dkt. # 15, at 2. McIntosh argues that, because its claims relate to payments developing from McIntosh's services, mediation is not required. Dkt. # 16, at 2.

It is undisputed that, generally, mediation is required as a condition precedent to commencing litigation relating to the contract between McIntosh and TVI. Dkt. # 15, at 2; Dkt. # 16, at 2-4; see also Dkt. # 15-1, at 7. At question is whether the mediation exception of section 8.7

3

applies to this dispute. McIntosh argues that, since its claims are based upon TVI's failure to pay, its claims relate to payments developing from McIntosh's services, triggering section 8.7. Dkt. # 16, at 2. TVI argues that: the language of section 8.7 is unclear; that, as a particular clause, section 8.7 is subordinate to the general intent of the contract; and that section 8.7 does not apply because McIntosh is "suing for alleged *non*-payment for its services." Dkt. # 15, at 3 n.3; Dkt. # 17, at 2 (emphasis in original).

"A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful." Okla. Stat. tit. 15, § 152. "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Id. § 154. "When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible." Id. § 155. "The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others." Id. § 157. "The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." Id. § 160. "Particular clauses of a contract are subordinate to its general intent." Id. § 166. "'In cases of uncertainty . . . the language of a contract should be interpreted most strongly against the party who caused the uncertainty to exist.'" Amundsen v. Wright, 240 P.3d 16, 20 (Okla. Civ. App. 2010) (quoting Okla. Stat. tit. 15, § 170) (alteration in original).

TVI's arguments are unavailing. Section 8.7 is clear; mediation is not required prior to litigation relating to payments developing from McIntosh's services. McIntosh's complaint alleges

4

that it has not received payment for its services. Dkt. # 2. This clearly relates to payments developing from McIntosh's services. The fact that no payment ever occurred is of no consequence; contrary to TVI's assertion, non-payment is related to payment. TVI suggests that section 8.7 should be ignored because it is a particular clause that it is subordinate to the general intent of the contract. Dkt. # 15, at 3 n.1. While section 8.7 is clearly subordinate to the general intent of the contract, giving effect to it would not frustrate the general intent of the contract. The clause merely establishes an exception to a more general provision of the contract that requires mediation; it does not contradict the general intent of the contract. Failing to give it effect, on the other hand, would ignore the dictate of Okla. Stat. tit. 15, § 157, which provides that every part of a contract should be given effect if reasonably practicable. Okla. Stat. tit. 15, § 157. Because the contract between TVI and McIntosh does not require mediation as a condition precedent to suits relating to payments developing from McIntosh's services, and because this suit relates to payments developing from McIntosh's services, TVI's motion to dismiss should be denied.

**IT IS THEREFORE ORDERED** that Defendant TVI, Inc.'s Motion to Dismiss and Supporting Brief (Dkt. # 15) is **denied**. Defendant shall file its answer to the complaint no later than **August 18, 2014.**

**DATED** this 4th day of August, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE